UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANTERN HAUS CO. AND PATRICK JACKNOW, <br><br> Plaintiffs, <br><br> v. <br><br> MAYOR RORY HOSKINS AND VILLAGE OF FOREST PARK, ILLINOIS <br><br> Defendants. | Case No. 21-CV-4490 <br><br> Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Lantern Haus Co., a restaurant in Forest Park, Illinois, and Patrick Jacknow, its owner, sue the Village of Forest Park and its mayor, Rory Hoskin, for allegedly denying Plaintiffs' substantive and procedural due process (Count I) and equal protection (Count II) rights when they temporarily revoked Lantern Haus' liquor license. [1]. Plaintiffs also seek a declaratory judgment (Count III). *Id*.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants jointly move to dismiss Counts I and III. [26]. For the reasons set forth below, the Court denies Defendants' motion [26] as to Count I, and grants it as agreed as to Count III.

### I. Factual Background

The Court draws the following facts from Plaintiffs' complaint, which it takes as true at this stage. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). Plaintiff Patrick Jacknow owns and operates Lantern Haus Co. ("Lantern Haus"), a bar in the Village of Forest Park, Illinois. [1] ¶¶ 2–3. On June

1

25, 2021, Lantern Haus hosted a pop-up event in one of its private party rooms where vendors set up booths and sold merchandise to attendees. *Id.* ¶ 25. Lantern Haus served alcohol to the attendees. *Id.*

At some point during the event, a fight broke out between an attendee ("Attendee A") and a group of other attendees. *Id.* ¶¶ 25, 26. In response, the bar staff deescalated the situation, escorted the fighting attendees outside, and ended the pop-up event. *Id.* ¶ 27. The fighting attendees tried to reenter the bar, however, so the bar staff called the police. *Id.* The bar staff also asked Attendee A to remain on the premises until the police arrived, but Attendee A did not comply and left Lantern Haus. *Id.* When the police arrived, fewer than ten people remained out front of the bar. *Id.* ¶ 28. The police dispersed the remaining patrons, then indicated that the situation was "calm" and did not require police backup. *Id.* A few moments later, the police received an alert about another fight on a different street out of sight of Lantern Haus, in which a group of individuals were attacking Attendee A. *Id.* ¶ 29, 30.

Two days later, on July 27, 2021, Defendant Mayor Rory Hoskins—the mayor and local liquor commissioner of Defendant Village of Forest Park—served Lantern Haus with a Notice of Emergency Closure. *Id.* ¶¶ 4, 31. Plaintiffs allege that Defendant Hoskins is an official who enjoys final policy-making authority in the Village of Forest Park. *Id.* ¶ 55.

Mayor Hoskins set a hearing on the emergency closure for August 2, 2021 but rescheduled it to August 16, 2021 and allowed Lantern Haus to temporarily re-open from August 2 to August 16. *Id.* ¶ 31. After the August 16, 2021 hearing, Mayor

2

Hoskins suspended Lantern Haus' liquor license for twenty days beginning August 19, 2021. *Id*. ¶¶ 31–32. On August 19, 2021, Lantern Haus appealed the liquor license suspension to the Illinois Liquor Control Commission and served the appeal upon Defendants the same morning. *Id*. ¶¶ 33–34.

The Illinois Liquor Control Act of 1934 states that in "any case where a licensee appeals to the State Commission from an order or action of the local liquor control commission having the effect of suspending or revoking a license, denying a renewal application, or refusing to grant a license, the licensee shall resume the operation of the licensed business pending the decision of the State Commission and the expiration of the time allowed for an application for rehearing." 235 ILCS 5/7-9; *Id*. ¶¶ 37–38. Notwithstanding Plaintiffs' appeal and this provision, on Mayor Hoskins' instruction, Forest Park police officers came to Lantern Haus on August 19, 2021 and physically removed its liquor license. [1] ¶ 35.

In response, on August 23, 2021, Plaintiffs filed this suit against Defendants pursuant to 42 U.S.C. § 1983, alleging that Defendants violated Plaintiffs' substantive and procedural due process rights under the U.S. Constitution by suspending Lantern Haus' liquor license pending the appeal. *Id*. ¶¶ 39–40. Plaintiffs allege that they have a property interest in their liquor license and a liberty interest in their reputation in the community. *Id*. ¶¶ 47–49. They allege that the Defendants unlawfully, arbitrarily, irrationally, and erroneously deprived them of their interests in the liquor license, causing Plaintiffs to lose a substantial amount of revenue.

3

Plaintiffs also allege, pursuant to § 1983, that Defendants violated their equal protection rights by harassing and singling out Lantern Haus as compared to other restaurants in Forest Park. *Id.* ¶¶ 8–10. For their equal protection claim, Plaintiffs allege that, in addition to temporarily revoking Lantern Haus' liquor license in July 2021, Defendants have subjected Plaintiffs to other unequal treatment such as: (1) requiring Lantern Haus' managers to undergo background checks; (2) reducing Lantern Haus' occupancy limits from 110 to 65; and (3) shutting down or issuing temporary suspensions following other fights at or near Lantern Haus. *Id.* ¶¶ 11–21.[1] Plaintiffs seek compensatory damages, including monetary damages for their loss of business. In addition, when Plaintiffs filed this lawsuit, Lantern Haus' appeal with the Commission remained pending, so the Complaint also seeks a declaratory judgment that Plaintiffs are entitled to a return of their liquor license pending the appeal. *Id.* ¶ 70.

Defendants now move to dismiss the substantive and procedural due process (Count I) and declaratory judgment (Count III) claims pursuant to Federal Rule of Civil Procedure 12(b)(6). [26] at 1.

Regarding the declaratory judgment claim, the Liquor Control Commission has now ruled upon Plaintiffs' appeal and reinstated Lantern Haus' liquor license.

---

[1] The Complaint's allegations center upon Defendant Mayor Hoskin's alleged actions. A municipality like Defendant Village of Forest Park may be liable for its "mayor's actions under § 1983 only if a municipal policy caused the constitutional violation." *Killinger v. Johnson*, 389 F.3d 765, 771 (7th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978)). As relevant here, a plaintiff may demonstrate an official policy by establishing "causation of the loss by a person with final policymaking authority." *Killinger*, 389 F.3d at 771 (quoting *Kujawski v. Bd. of Comm'rs*, 183 F.3d 734, 737 (7th Cir. 1999)). Here, the Complaint alleges that Defendant Mayor Hoskins had "final policy-making authority in Forest Park." [1] ¶ 55.

4

[29] at 10–11. Plaintiffs agree that this moots their declaratory judgment claim. [32] at 6. Accordingly, the Court grants Defendants' motion to dismiss Count III and proceeds to analyze Defendants' motion to dismiss the due process claim.

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagovich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

To survive a motion to dismiss under Rule 12(b)(6), "the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raises a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018). Importantly, a motion to dismiss tests the sufficiency of the complaint, not the merits of the case. *See Gibson*, 910 F.2d at 1520. In evaluating a complaint, a court must accept as true all well-pled factual allegations, but it need not accept mere legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. Analysis

### A.  Procedural Due Process

Count I alleges that Defendants violated Plaintiffs' procedural due process rights by revoking Lantern Haus' liquor license pending Plaintiffs' appeal to the Liquor Control Commission. [1] (Count I).

The Fourteenth Amendment of the U.S. Constitution prohibits state actors "from depriving persons of 'life, liberty, or property, without due process of law.'" *Manistee Apartments, LLC v. City of Chi.*, 844 F.3d 630, 633 (7th Cir. 2016) (quoting U.S. Const. amend. XIV, § 1)). To determine if a complaint alleges a procedural due process violation, a court conducts a two-step inquiry: (1) did the Defendant deprive Plaintiff of a liberty or property interest protected by due process; and (2) if so, did the deprivation happen without due process of law. *See Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 870 (7th Cir. 2009).

As to the first step, the Complaint alleges that Defendants deprived Plaintiffs of a property interest in the liquor license and a liberty interest in their "good reputation in the community." [1] ¶¶ 48, 49.

Most constitutionally protected liberty and property interests "are created and their dimensions defined by an independent source such as state statutes or rules entitling the citizen to certain benefits." *Goss v. Lopez*, 419 U.S. 565, 572–73 (1975). A person does not have a property right in obtaining a liquor license in the first instance. *See Monarch Beverage Co. v. Cook*, 861 F.3d 678, 685 (7th Cir. 2017). But once a person obtains a liquor license, they have a state-created property interest in

6

maintaining that liquor license. *See Pro's Sports*, 589 F.3d at 870 (explaining that "once granted, an Illinois liquor license is a form of property within the meaning of the due process clause"); *Club Misty, Inc. v. Laski,* 208 F.3d 615, 618 (7th Cir. 2000) (holding that "an Illinois liquor license is a property right within the meaning of the Due Process clause of the Fourteenth Amendment." (relying on *Reed v. Village of Shorewood*, 704 F.2d 943, 948 (7th Cir. 1983))). Given this, the Complaint plausibly alleges that Plaintiffs have a property interest in Lantern Haus' liquor license.[2]

Next, Plaintiffs must also plausibly allege that Defendants deprived them of their property—*i.e.*, the liquor license—without due process of law. When government action deprives someone of a property interest, "due process generally requires that the government provide an 'opportunity to present reasons, either in person or in writing, why proposed action should not be taken.'" *Germano v. Winnebago Cnty., Ill.,* 403 F.3d 926, 928 (7th Cir. 2005) (quoting *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541 (1985)).

Here, the Complaint acknowledges that the state had in place a process to protect property interests in liquor licenses: the Liquor Control Act. [1] ¶¶ 38–42. It alleges, however, that Defendants knowingly, and without authorization, contravened the Liquor Control Act's requirements by refusing to reinstate the liquor

---

[2] The Complaint does not, however, plausibly allege a cognizable liberty interest in "good reputation within the community," [1] ¶ 49. Although a state's tort laws may protect reputational interests, the Supreme Court long ago held that "any harm or injury to that interest," even by "an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law." *Paul v. Davis*, 424 U.S. 693, 712 (1976). Accordingly, an "interest in reputation" does not enjoy Fourteenth Amendment protection "against state deprivation without due process of law." *Id.*

license pending Plaintiffs' appeal to the Liquor Control Commission. *Id*. ¶¶ 36–42; [29] at 9–10.

When a state officer allegedly acts in an unlawfully "random or unauthorized" way, then the state may satisfy due process through "adequate post-deprivation remedies." *Tenny v. Blagojevich*, 659 F.3d 578, 582 (7th Cir. 2011); *see also Pro's Sports*, 589 F.3d at 872 (noting that "when a state officer acts in a 'random and unauthorized' way—by unpredictably departing from state law, for example—the state has no opportunity to provide a pre-deprivation hearing and may instead satisfy due process by providing an adequate post-deprivation remedy."). In other words, when a plaintiff alleges a "random and unauthorized" deprivation of due process, the key inquiry becomes whether the plaintiff has adequate post-deprivation remedies to address the deprivation. *Pro's Sports*, 589 F.3d at 872.

In moving to dismiss, Defendants argue that, even if they wrongfully took away Lantern Haus' liquor license pending the appeal, Plaintiffs sought and obtained relief under the Liquor Control Act and, if they did not like the outcome, they had the right to appeal to state court for review under the Illinois Administrative Review Act. [26] at 6. Defendants argue that these avenues afforded adequate state remedies and, therefore, satisfy due process. *Id*.

Plaintiffs respond that their recourse before the Liquor Control Commission only went to Defendants' decision to suspend the license in the first place, and not to the violation of the "legally mandated stay on appeal." [29] at 9. They insist that even though they got back their license on appeal, no state-law remedy exists for the

8

business losses they suffered during the time Defendants wrongfully revoked the license pending the appeal. *Id.* at 10. In reply, Defendants effectively concede that Plaintiffs have no administrative or state law mechanism to recover economic damages but insist that a state-law remedy does not need to provide recovery for every conceivable loss. [32] at 3–5.

The Seventh Circuit's decision in *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d at 865, directly contradicts Defendants' position. In *Pro's Sports*, a bar and its owner sued an Illinois city and the city's mayor under § 1983 after the city and mayor placed operating hours restrictions on the bar's previously issued liquor license. *Id.* The district court granted a preliminary injunction that prohibited the city from enforcing the hours restrictions. On appeal, the Seventh Circuit affirmed. *Id.* First, it held that the plaintiffs had a protectible property interest in their previous, unrestricted liquor license. *Id.* at 870–71. It also held that the plaintiffs did not have an adequate post-deprivation remedy because they sought "damages to compensate them for the period of time in which the restricted hours were enforced against them" and "no state remedy exists to compensate plaintiffs for those damages." *Id.* at 872; *see also Simpson v. Brown Cnty.*, 860 F.3d 1001, 1012 (7th Cir. 2017) (relying on *Pro's Sports* in finding that a plaintiff asserted a viable procedural due process claim based upon temporary revocation of a professional license under Indiana law because no adequate state remedy existed to "address the financial losses resulting from an inability to operate one's business for some length of time.").

9

Here, as in *Pro's Sports,* Plaintiffs seek compensatory damages for the business losses that Lantern Haus sustained while its liquor license remained revoked. Illinois state law does not provide a remedy to compensate Plaintiffs for these alleged damages. Accordingly, Plaintiffs have asserted a viable procedural due process claim.

### B. Substantive Due Process

Count I also alleges that Defendants violated Plaintiffs' substantive due process rights. Substantive due process provides protections against certain government actions "regardless of the fairness of the procedures used to implement them." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 839 (1998) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). If a right qualifies as fundamental, then substantive due process requires that the government action withstand strict scrutiny. *Id.* If a right does not qualify as fundamental, then the government action need only bear a rational relationship to a legitimate governmental interest; put differently, the action must be "neither arbitrary nor irrational." *Gen. Auto Serv. Station v. City of Chi.*, 526 F.3d 991, 1000 (7th Cir. 2008). Further, to establish a substantive due process claim, a plaintiff must show that the government entity exercised its power without reasonable justification in a manner that "shocks the conscience." *Bettendorf v. St. Croix Cnty.*, 631 F.3d 421, 426 (7th Cir. 2011).

Defendants argue that Plaintiffs' substantive due process claim fails as a matter of law because Plaintiffs do not have a fundamental right to maintain a liquor license. [26] at 2–3. True, the right to maintain "a liquor license does not rise to the level of a fundamental right." *Brown v. City of Lake Geneva*, 919 F.2d 1299, 1302 (7th Cir. 1990). But, as discussed above, Plaintiffs still have a property interest in

10

maintaining their liquor license. Therefore, even though Defendants' conduct need not withstand strict scrutiny, it still must satisfy rational basis review.

Next, Defendants argue that their alleged conduct, even taken as true, withstands rational basis review because "temporary suspension of a liquor license" cannot, as a matter of law, "shock the conscience." [26] at 3–4. They insist that allowing such a claim to proceed would effectively turn the courts "into the Illinois Liquor Commission or even the local liquor commissioner every time a liquor licensee gets fined or otherwise is disciplined with respect to its license." *Id.* at 4.

Based upon the Complaint's allegations, this Court disagrees at this stage of the proceedings. The Complaint alleges that, pursuant to the Illinois Liquor Control Act, Plaintiffs had a right to maintain their liquor license pending an appeal; Defendants knew that Plaintiffs had appealed; and, yet, Defendant Hoskins still directed police officers to seize Plaintiffs' liquor license. Plaintiffs also allege that, even after one of the Plaintiffs reminded Defendant Hoskins and the police about the Liquor Control Act's requirements, Defendant Hoskins still refused to give back the license. And, by doing so, he effectively shut down the restaurant, causing Plaintiffs to suffer significant monetary losses. These allegations, taken as true, plausibly allege that Defendants acted arbitrarily, irrationally, and erroneously, in direct contradiction to the established protocol. The allegations also plausibly suggest that they acted purposefully, knowing their actions were unlawful, and would deprive Plaintiffs of a property interest and cause economic injury.

11

Of course, a plaintiff "bears a very heavy burden in a substantive due process action attacking a decision" of this sort by local officials. *Polenz v. Parrott*, 883 F.2d 551, 558 (7th Cir. 1989). But a plaintiff need not prove his case at the motion to dismiss stage. And, the Court cannot say as a matter of law that Plaintiffs cannot meet their heavy burden. Instead, here as in many cases, this issue requires a more developed record about why Defendant Hoskin acted as he did. *See, e.g., Bettendorf v. St. Croix Cnty.*, 631 F.3d 421, 426 (7th Cir. 2011) (affirming summary judgment dismissal of a substantive due process claim against a county for revoking plaintiff's commercial designation because the county "was merely complying with" a court order); *Polenz*, 883 F.2d at 558 (collecting cases involving denial of zoning permits in which the courts found, on summary judgment, that a plaintiff failed to show the action was irrational).

Finally, in reply and relying on *Albright v. Oliver*, 510 U.S. 266 (1994), Defendants argue that because Plaintiffs also allege a class-of-one equal protection claim based upon the alleged deprivation, they cannot use that specific constitutional violation to also create a more general substantive due process claim. [32] at 2.

A party generally waives an argument first raised in a reply. *See Peterson v. Village of Downers Grove*, 103 F. Supp. 3d 918, 926 (N.D. Ill. 2015).[3] Nonetheless, on

---

[3] For the first time in reply, Defendants also argue that Plaintiffs' substantive due process claim fails because they cannot show an inadequate state law remedy or an independent constitutional violation. [32] at 2. This argument cannot be raised for the first time in a reply and is therefore rejected. Nevertheless, even if Defendants had raised this argument in their opening brief, it fails on the merits. To be sure, the Seventh Circuit has held that "when a substantive-due-process challenge involves only the deprivation of a property interest, a plaintiff must show 'either the inadequacy of state law remedies or an independent constitutional violation' before the court will even engage in this deferential rational-basis review." *Lee v. City of Chi.*, 330 F.3d 456 (7th Cir. 2003) (quoting *Doherty v.*

the merits, Defendants' reliance upon *Albright* proves misplaced. There, a plaintiff alleged that a police detective violated his Fourth Amendment and substantive due process rights by criminally prosecuting him without probable cause. *Albright*, 510 U.S. at 269. The Court held that the plaintiff could only maintain his claim pursuant to the Fourth Amendment because, when a specific constitutional Amendment protects a particular right, "that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing that claim." *Id*. at 326.

The Seventh Circuit has emphasized that whether *Albright* forecloses a substantive due process claim depends upon the protections that the plaintiff seeks to invoke. *See Koutnik v. Brown*, 456 F.3d 777, 781 n.2 (7th Cir. 2006). For example, in *Wilson v. Cook County*, 742 F.3d 775, 780–81 (7th Cir. 2004), the court held that a plaintiff could maintain substantive due process and equal protection claims where her substantive due process claim alleged that a state actor violated her bodily integrity but the equal protection claim rested upon alleged sexual harassment. Similarly, in *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015), the court held that a detainee could maintain substantive due process and equal protection claims for mistreatment based upon his sexual orientation because the first implicated his right to safety and protection from cruel and unusual punishment, while the second implicated his right against discrimination based upon his sexual orientation.

---

*City of Chi*, 75 F.3d 318, 326 (7th Cir. 1996)). But, as discussed above, state law remedies remain inadequate to address Plaintiffs' alleged economic injuries.

Plaintiffs in this case (unlike the plaintiff in *Albright*) seek to vindicate different rights through their substantive due process claim and their equal protection claim. Specifically, their substantive due process claim seeks to protect their property interest from irrational and arbitrary state action. Their equal protection claim, in contrast, seeks to protect their right to be free from discrimination in the enforcement of rules and regulations. In this regard, this case aligns with *Glenwood Halsted LLC v. Village of Glenwood*, 866 F. Supp. 2d 942, 948 (N.D. Ill. 2012), which involved alleged property interests related to a shopping center complex and held that the plaintiff could maintain both a substantive due process claim and an equal protection claim. As the *Glenwood Halsted* Court explained, an "equal protection claim is distinct from a substantive due process claim because the equal protection clause prohibits discrimination based on membership in a protected class and differential treatment of an individual from others similarly situated, whereas the due process clause forbids arbitrary action irrespective of an individual's membership in a protected class or the government's more favorable treatment of similarly situated individuals." *Id.*

Plaintiffs here have alleged a plausible substantive due process claim based upon deprivation of their liquor license, and the Court declines to dismiss Count I.

## IV. Conclusion

For the foregoing reasons, the Court denies Defendants' motion to dismiss [26] as to Count I, and grants it as agreed as to Count III.

Date: March 31, 2023                    Entered:

_____
John Robert Blakey
United States District Judge